*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

CHRISTY LOVE COATES,

Defendant-Appellant.

UNPUBLISHED
February 25, 2025
9:56 AM

No. 369753
Macomb Circuit Court
LC No. 2023-000744-FH

Before: YATES, P.J., and LETICA and N. P. HOOD, JJ.

YATES, P.J. (*concurring*).

As Saint Thomas Aquinas explained: "Mercy without justice is the mother of dissolution; justice without mercy is cruelty." Our Legislature ensured mercy for most misdemeanants in MCL 769.5(3) by creating "a rebuttable presumption that the court shall sentence an individual convicted of a misdemeanor, other than a serious misdemeanor, with a fine, community service, or other nonjail or nonprobation sentence." Here, the trial court chose to mete out justice to an unrepentant scofflaw pursuant to MCL 769.5(4), which provides that the sentencing "court may depart from the presumption under [MCL 769.5(3)] if the court finds reasonable grounds for the departure and states on the record the grounds for the departure." Although I agree with my colleagues that the trial court erred by failing to provide an adequate justification for its departure, I sympathize with the trial court's sentiment that defendant's sentence must be more than a slap on the wrist.

Defendant has been down this road before. She has foolishly convinced herself that the act of driving a car without a license is just "traveling," not driving, unless it is done for commercial purposes. She arrived at this fatuous view based on her "research" of United States Supreme Court decisions combined with her understanding that she is "a human being, . . . not a dead entity" and "not the strawman." This amalgam of preposterous theories led her to continue to drive a motor vehicle without a license even after she was convicted of driving without a license. Although she has promised that, "[u]ntil I'm done studying, if it's the right thing to do for me to get my driver's license, I will get my driver's license[,]" there was no reason for the trial court to presume that she would change her behavior one bit. Consequently, the trial court chose to include a dose of reality in the form of a jail term as part of her sentence. I find no flaw in the severity of the sentence that the trial court imposed.

But this Court has prescribed a process for imposing jail terms for defendants convicted of "nonserious misdemeanors" in *People v Mason*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 367687), and the trial court did not conform its pronouncement of sentence, including its departure decision, to that prescribed process. Accordingly, I agree with my colleagues that we must vacate defendant's sentence and remand the case for a new sentencing hearing, but I maintain that the trial court may impose a jail term in accordance with MCL 769.5(4) if it concludes at that sentencing hearing that defendant will not otherwise change her behavior. After all, justice means that lawlessness based on farfetched misinterpretations of the law ought to be punished, rather than effectively condoned through the imposition of excessively merciful sentences.

/s/ Christopher P. Yates